IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Tony Collins, | ) | Case No.: 9:22-cv-1854-JD-MHC |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **OPINION AND ORDER** |
| Warden, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the Court with the Report and Recommendation ("Report") of United States Magistrate Judge Molly H. Cherry, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(e) of the District of South Carolina.[1] (DE 11.) Petitioner Tony Collins ("Petitioner" or "Collins"), proceeding *pro se,* filed a Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 against respondent Warden ("Respondent") alleging the Bureau of Prisons (BOP) failed to properly apply his First Step Act time credits to reduce his term of incarceration. (DE 1, p. 2.)

On October 4, 2022, Respondent filed a Motion to Dismiss or for Summary Judgment, alleging Petitioner failed to exhaust his administrative remedies before filing his petition. (DE 8, pp. 9–13). Alternatively, Respondent argues that Petitioner failed to state a claim upon which relief can be granted. (DE 8, pp. 14–17.) That same day, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Court advised Petitioner of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (DE

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

1

9.)  Petitioner has failed to respond to the Motion to Dismiss or for Summary Judgment or to contact the Court in any way.

The Report was issued on December 19, 2022, recommending dismissing this action without prejudice for lack of prosecution.  (DE 11.)  Petitioner has not filed an objection to the Report.  In the absence of objections to the Report and Recommendation, this Court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).  The Court must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

Therefore, after a thorough review of the Report and Recommendation and the record in this case, the Court finds that there is no clear error on the face of the record, and therefore, adopts the Report (DE 7) and incorporates it herein.

It is, therefore, **ORDERED** that Petitioner's case is dismissed without prejudice for lack of prosecution.  Further, it is **ORDERED** that Respondent's Motion to Dismiss or for Summary Judgment (DE 8) is denied as moot and that a certificate of appealability is denied because Petitioner has failed to make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED**.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
July 18, 2023

**NOTICE OF RIGHT TO APPEAL**

Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.